```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-62374-Civ-COHN
                              MAGISTRATE JUDGE P.A. WHITE
```

WILLIAM WALLACE,                       :

    Petitioner,                        :

v.                                     :          REPORT OF
                                                                 MAGISTRATE JUDGE
KENNETH S. TUCKER,[1]                  :

    Respondent.                         :
_____

## I. Introduction

William Wallace, a state prisoner confined at Gulf Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction and sentence for first degree murder entered following a jury verdict in Broward County Circuit Court, Case No. 69-00153.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE#1), the Court has the respondent's response to an order to show cause (DE#17) with supporting exhibit (DE#20), and the petitioner's replies with attached exhibits (DE#s19,21).

---

[1] Petitioner is in the custody of the Florida Department of Corrections. Therefore, Kenneth S. Tucker, Secretary of the Florida Department of Corrections, is the proper respondent in this proceeding.

## II. Claims

Petitioner raises the following grounds for relief:

1. The prosecution made biased comments regarding the petitioner's guilt. (DE#1:5).

2. The trial court erred when it failed to read Pollock's statement prior to allowing her to testify. (DE#1:8).

3. James Owens' statement should not have been considered by the jury because Owens was a known crack cocaine user. (DE#1:9).

4. Clifton Linnquest's statement should not have been considered by the jury because the information contained therein was hearsay. (DE#1:11).

## III. Factual Background and Procedural History

Petitioner was charged by Indictment filed in 1992, with the offense of first degree murder of Doreatha Atkins, in violation of then Fla.Stat. §782.04. (Ex.1).[2] He proceeded to trial where he was convicted as charged following a jury verdict. (Ex.2). He was adjudicated guilty and on February 14, 1993, he was sentenced to a term of life imprisonment with a 25-year minimum mandatory. (Exs.3-4).

Petitioner appealed, raising one claim of trial court error in denying petitioner's motion for mistrial following the prosecution's comment on petitioner's right to remain silent. (Ex.4-Petitioner's Brief on Direct Appeal). On October 11, 1995,

---

[2]The exhibits referenced herein by the letters "Ex." followed by a number have been provided by the respondent and are part of CM/ECF, court's docket entry no. 20.

the Fourth District Court of Appeal *per curiam* affirmed without written opinion the petitioner's judgment of conviction. Wallace v. State, 662 So.2d 357 (Fla. 4 DCA 1995); (Ex.5).

Petitioner did challenge his conviction and sentence in various pro se postconviction proceedings. Specifically, before the AEDPA's enactment, on December 19, 1995, petitioner returned to the trial court, filing his first Rule 3.850 motion for postconviction relief. (Ex.6). An order was entered denying the motion, but it was then vacated and re-entered on May 17, 1996, because petitioner had claimed he had not received the prior order. (Ex.6-Order). No appeal appears to have been taken from that ruling. (Ex.6). Thus, this proceeding became final thirty days later, on June 17, 1996,[3] when time expired for filing a notice of appeal.

The limitations period then ran unchecked for over **3 months**, from June 17, 1996 until September 24, 1996, when the petitioner next filed a state petition for writ of habeas corpus with the trial court. (Ex.7). The trial court denied the petition, and that denial was subsequently *per curiam* affirmed without written opinion by the appellate court on March 4, 1998. Wallace v. State, 711 So.2d 557 (Fla. 4 DCA 1998)(table); (Ex.7). Discretionary review was ultimately denied by the Florida Supreme Court on July 6, 1998.[4] Wallace v. State, 718 So.2d 173 (Fla. 1998)(table); (Ex.8).

Meanwhile, over **4 months** of untolled time expired,[5] from July

---

[3]Thus, the one-year AEDPA grace period was tolled until this date.

[4]It appears a prior request for discretionary review was dismissed on April 14, 1998. See Wallace v. State, 717 So.2d 542 (Fla. 1998).

[5]It is noted, however, that on May 12, 1998, petitioner came to this court filing his first §2254 habeas petition, assigned case no. 98-6316. However, he later sought dismissal of the petitioner, which was granted by the district court on September 9, 1998, except as to the application of the federal statute of limitations or other procedural bars.

3

6, 1998 until November 10, 1998, when petitioner next filed a state petition for writ of habeas corpus with the appellate court. (Ex.10-Petition). On March 10, 1999, the petition was denied. (Ex.10-Order).

Thereafter, approximately **6 months** of untolled time expired from March 10, 1999 until September 4, 1999, when petitioner next filed a second Rule 3.850 motion for postconviction relief. (Ex.11-Rule 3.850 Motion). On September 19, 2000, the trial court entered an order granting an evidentiary hearing on some of the claims, summarily denying other claims, and correcting the petitioner's judgment for and sentencing guideline scoresheet. (Ex.11-9/19/00 Order). On September 5, 2001, the court entered an order vacating the September 19th order, noting that the order was entered in "error" due to a clerical mistake, where "Defendant's case information was transported onto the body of an order intended for another defendant's case." (Ex.11-9/5/11 Order). In its order, the court also denied relief, agreeing with the state's response, and finding the motion to be untimely and successive. (Id.). That denial was subsequently *per curiam* affirmed without written opinion. Wallace v. State, 826 so.2d 315 (Fla. 4 DCA 2002)(table); (Ex.13-Appellate Docket, Case No. 4D01-3971); see also, on-line docket at http://www.4dca.org/.The mandate issued on September 20, 2002. (Id.). Rehearing was denied on October 29, 2002. (Id.).

---

Petitioner suggests that this federal petition is timely because he was actively pursuing collateral attacks to his state court conviction. AS will be demonstrated below, that claim is unavailing.

Alternatively, the petitioner seems to suggest (DE#21) that the petition is timely because his first petition, which he dismissed without prejudice, should serve to toll the limitations period. The Supreme Court has held, however, that federal habeas petitions do not constitute "other collateral review" within the meaning of the statute. Duncan v. Walker, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001); see also, Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008). Consequently, §2244(d)(2) "does not toll the limitation period during the pendency of [petitioner's first] federal habeas petition." Id.

4

While the foregoing proceedings were pending, petitioner returned to the trial court on May 8, 2002, filing a Rule 3.850 motion for postconviction relief seeking post-sentencing DNA testing. (Ex.12-Criminal Docket). On April 16, 2003, the trial court entered an order denying the motion. (Id.). From the court criminal docket, it appears that the petitioner's appeal therefrom was dismissed as untimely on September 2, 2003. (Id.).

Over the next seven years, starting in 2004, the petitioner embarked on protracted, collateral challenges to his conviction and sentence in the state forum. He filed a second Rule 3.850 motion once again requesting DNA testing, which was denied by the trial court in 2005. That denial was subsequently affirmed on appeal, Wallace v. State, 913 So.2d 611 (Fla. 4 DCA 2005), with rehearing being denied on November 2, 2005. It also appears petitioner next filed more petitions for habeas corpus relief in the state court in 2006 and 2009, a motion to vacate sentence in 2007, and yet another Rule 3.850 motion in 2009 requesting DNA testing. The denial of this latest habeas petition was affirmed on appeal, Wallace v. State, 60 So.3d 1072 (Fla. 4 DCA 2011), with the mandate issuing on June 24, 2011. (Ex.13:4DCA Docket, case no. 4D10-85). Further the denial of his latest Rule 3.850 motion was also affirmed on appeal, Wallace v. State, 65 So.3d 528 (Fla. 4 DCA 2011), with the mandate issuing on August 26, 2011. (Ex.13:4DCA Docket, case no. 4D09-3102). The petitioner's petition for writ of mandamus was denied by the Florida Supreme Court, in the foregoing appeal, on October 4, 2011. Wallace v. State, 73 So.3d 762 (Fla. 4 DCA 2011); (Exs.13-14). However, as narrated above, because there was more than one-year of untolled time, any collateral proceedings commenced starting in 2004 did not act to toll the federal limitations period. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the

5

federal limitations period cannot toll the period, because there is no period remaining to be tolled).

Regardless, almost **1 month** after the foregoing proceedings were concluded, petitioner then came to this court filing on November 1, 2011,[6] the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## IV. Discussion

In his response to the order to show cause, the respondent correctly asserts that this petition should be dismissed as untimely filed. (DE#17). Because petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[7] See 28 U.S.C. §2244(d)(1)("A 1-year period of

---

[6] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[7] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

limitation shall apply to an application for a writ of habeas corpus ....").

As recently explained by the Supreme Court in *Gonzalez*, if the petitioner pursues direct review to the United States Supreme Court, judgment becomes final at the "conclusion of direct review" — that is, when the Supreme Court "affirms [the] conviction on the merits or denies [the] petition for certiorari." Gonzalez, 132 S.Ct. at 653-54. For all other petitioners, judgment becomes final at the "expiration of the time for seeking such review" — that is, "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. The Supreme Court may review judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review. Id. at 656 (*citing* Sup.Ct.R. 13.1; 28 U.S.C. §1257(a)). In other words, if the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system. See id.; Sup.Ct.R. 13.1. "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 132 S.Ct. at 646.

The one-year limitations period is tolled while a properly filed application for State postconviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[8] 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State

---

[8]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Moreover, the one-year limitations period is subject to equitable tolling in rare and exceptional cases. See Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549 (2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A); Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012)(holding that where a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). See also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(holding that

one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court).

In this case, since the conviction became final before the enactment of the AEDPA, the limitations period would have expired one year from the April 24, 1996, effective date of the AEDPA, or on April 24, 1997. See Wilcox, 158 F.3d at 1211 (holding that §2254 petitions of prisoners whose convictions became final before the passage of the AEDPA are timely if filed within one year from the AEDPA's effective date). Although petitioner pursued state collateral relief in the state trial and appellate courts, his postconviction proceedings did not toll the one-year limitations period in that they were instituted either before the applicable limitations period had commenced or after the limitation period had already expired. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), *cert. denied*, 531 U.S. 991 (2000). See also Hollinger v. Secretary Dept. of Corrections, 334 Fed.Appx. 302, 304-305, 2009 WL 1833746, *2 (11th Cir. 2009), *citing*, Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)(concluding that Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition").

It is noted that the AEDPA clock continues to run until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state

9

court, the AEDPA clock stops. See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").[9] The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). The one year limitations period is also subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549 (2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), *cert. denied*, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Petitioner appears to acknowledge in his pleadings that his petition has been filed beyond the applicable grace period, but apparently claims that his late filing should be excused. In order for this petition to be deemed timely, Petitioner must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to

---

[9]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

equitable tolling of the limitations period. While petitioner has addressed the limitations issue in his form petition, a response to an order regarding the limitations period, and in his replies, he has presented no valid justification whatever for his failure to timely file his federal habeas corpus petition attacking his conviction and sentence. Petitioner merely asserts in a wholly conclusory fashion that his continued incarceration constitutes a "fundamental miscarriage of justice," and that he could not earlier have discovered the factual predicate for his claim(s). His mere conclusory assertions warrant no extensive discussion on the part of this Court.[10]

Briefly, review of the petition refutes petitioner's claim that he could not earlier have discovered the factual predicate for any of his claims. Section 2244(d)(1)(D) is clearly not applicable here because the underlying facts of all claims raised were known or should have been known to petitioner by the latest in 1994 when the jury found him guilty as charged, or in 1995, when the conviction was affirmed on direct appeal. Under §2244(d)(1)(D), the time begins when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner understands the legal theories available to him or recognizes the legal significance of the facts that he discovers. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). If the petitioner exercised due diligence, the limitation period would not begin to run before the date on which he discovered the facts supporting his claim. See Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). A petitioner is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." Id. at 712. However, if

---

[10]A petitioner is not entitled to habeas relief when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

prompt action would have revealed the factual basis for a claim, a court should not apply §2254(d)(1)(D). See generally Johnson v. United States, 544 U.S. 295, 311 (2005)(refusing to apply §2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his §2255 petition."). Consequently, a petitioner's belated realization of the purported legal significance of the facts does not delay commencement of the limitations period. Petitioner appears to be improperly confusing his knowledge of the factual predicate of his claims with the time permitted for gathering evidence and/or additional legal support for his claims. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that habeas petitioner's failure to discover the legal significance of the operative facts does not constitute cause).

As to equitable tolling, Petitioner appears to maintain that he is actually innocent of the crime for which he was convicted and failure to review the subject claims on the merits will result in a fundamental miscarriage of justice. See DE#s19,21. An actual innocence claim is "a gateway through which a habeas petitioner [may] have his otherwise barred constitutional claim considered on the merits."[11] Schlup v. Delo, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(*quoting* Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))(internal quotation marks

---

[11]The Eleventh Circuit has recognized an equitable exception to AEDPA's statute of limitations based on a credible showing of actual innocence. See San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir.)(recognizing an actual innocence exception in the context of an untimely section 2254 habeas petitioner and stating, "[a] court also may consider an untimely §2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned.")(quotation omitted), *cert. denied sub nom.*, San Martin v. Tucker, ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

omitted). To succeed, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)(quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

The petitioner has failed to make the requisite showing of actual innocence that would support consideration of his untimely §2254 motion on the merits. Petitioner presents only his self-serving, conclusory assertion that he is actually innocent of the charge for which he stands convicted.[12] Petitioner has submitted no evidence whatever let alone "new reliable evidence" to support his claim of actual innocence of the subject crime. He merely states that DNA testing would have conclusively establish his innocence. However, the issue of the lack of fingerprint and other DNA evidence linking petitioner to the murder was fully explored before the jury at trial.[13] Moreover, given the testimony of the numerous state witnesses, the jury convicted petitioner, despite being aware that no DNA evidence conclusively linked petitioner to the victim. Thus, petitioner has clearly failed to satisfy the stringent standard of showing actual innocence. See House v. Bell, 547 U.S. 518.

Moreover, the relevant inquiry for the application of equitable tolling principles, as is true for applying

---

[12] As indicated, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value.

[13] For a thorough and complete recitation of the facts adduced at trial, see the briefs on direct appeal provided by respondent, which is part of the Appendix and labeled Exhibit 4.

§2244(d)(1)(D), is whether the petitioner exercised due diligence in discovering the facts underlying his claim. Holland, 130 S.Ct. at 2562; Aron v. United States, 291 F.3d at 711; In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997)(holding in habeas corpus proceeding pursuant to 28 U.S.C. §2254 that "[a]n application that merely alleges that the applicant did not actually know the facts underlying his or her claim" is insufficient to show due diligence and stating that the inquiry is "whether a reasonable investigation ... would have uncovered the facts the applicant alleges are 'newly discovered.'")(citation omitted). One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Thus, review of the record in this case reveals that petitioner has not pursued the process with diligence and alacrity. He has, therefore, not sustained his burden of proving that the application of the equitable tolling doctrine is warranted here. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from the one-year limitations period, because Petitioner has failed to assert any credible basis for equitable tolling of the limitations period. There is no evidence in the record tending to show that Petitioner's delay in filing his §2254 petition was the result of

extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. While Petitioner may have subjectively believed that he could not properly file a §2254 motion earlier or that the limitation period did not expire until later, his unfamiliarity with the legal process or ignorance of the law, as he may be asserting, cannot support equitable tolling.[14] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). Finally, Petitioner has not demonstrated that he was in any unconstitutional way prevented from timely filing this federal petition for writ of habeas corpus as required for application of §2244(d)(1)(B).

The time-bar is ultimately the result of Petitioner's failure to timely pursue state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding is untimely, petitioner's claims challenging the

---

[14] From review of Petitioner's form petition it appears that he may also be contending that he relied on fellow inmates to assist him in filing post-conviction actions and those inmates erred in some way, thereby, entitling him to equitable tolling of the federal limitations period. If so, such a claim is unavailing. The mere fact Petitioner relied on inadequate assistance or erroneous advice of other inmates in pursing his collateral state court remedies does not demonstrate extraordinary circumstances necessary to establish a basis for equitable tolling. See Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)(erroneous advice from inmate law clerks while proceeding in collateral actions does not establish petitioner's claim of cause to excuse a procedural bar as there is no right to legal representation in such actions); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001)(petitioner's responsibility to comply with the law is not alleviated merely because he receives assistance from an inmate law clerk).

lawfulness of his conviction and sentence are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

Petitioner's request for an evidentiary hearing should be denied. An evidentiary hearing is not required in this case, because the habeas petition can be resolved by reference to the state court record. 28 U.S.C. §2254(e)(2); Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir. 2006)(addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

## V. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a

certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). No such showing has been made here.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI. Recommendation

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2), that no certificate of appealability issue, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of June, 2012.

UNITED STATES MAGISTRATE JUDGE

cc:   William Wallace, <u>Pro</u> <u>Se</u>
      DC#683889
      Gulf Correctional Institution-Annex
      699 Ike Steele Road
      Wewahitchka, Florida 32465-0010

      Daniel P. Hyndman, Ass't Atty Gen'l
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3428