UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62374-CIV-COHN/WHITE

WILLIAM WALLACE,

    Petitioner,

v.

KENNETH S. TUCKER,

    Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report of United States Magistrate Judge Patrick A. White [DE 24] ("Report") regarding William Wallace's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] ("Petition").  In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report, Mr. Wallace's Objections [DE 25], Mr. Wallace's Motion for Discovery Hearing [DE 26], and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 30, 1992, Petitioner William Wallace was charged with first degree murder in Broward County Circuit Court Case No. 92-23065CF.  See Indictment [DE 20-1 at 5-6].  On December 8, 1994, after a jury trial, Mr. Wallace was adjudicated guilty, see Verdict [DE 20-1 at 8-9]; Judgment [DE 20-1 at 11-12], and on February 14, 1995, he was sentenced to a term of life imprisonment with a 25-year mandatory minimum, see Sentence [DE 20-1 at 14-16].  His conviction was affirmed on direct appeal without opinion on October 11, 1995.  See Florida District Court of Appeals

Decision Filed Oct. 11, 1995 [DE 20-1 at 70]. On October 27, 1995, when no motion for rehearing had been filed, Mr. Wallace's conviction and sentence became final. See id. ("Not final until time expires to file rehearing motion and, if filed, disposed of."); Fla. R. App. Proc. 9.330(a) ("A motion for rehearing . . . may be filed within 15 days of an order"); see also Bunkley v. State, 882 So. 2d 890, 892 n.2 (Fla. 2004) ("The Florida Supreme Court has no subject matter jurisdiction over such decisions because such an affirmance without opinion by a district court [of appeals] in Florida constitutes a 'decision of the highest state court empowered to hear the cause.'") (citing Florida Star v. B.J.F., 530 So. 2d 286, 287 (Fla. 1988)).

On December 19, 1995, Mr. Wallace filed his first Rule 3.850 Motion for Post-Conviction Relief [DE 20-1 at 72-74] in state court. The state court entered an Order Denying Motion for Post-Conviction Relief [DE 20-1 at 77-78] on February 9, 1996, but Mr. Wallace claimed he did not receive the order, and the order was vacated and re-entered on May 17, 1996, see Order Vacating 2/9/96 Order Denying Defendant's Motion for Post-Conviction Relief and Re-Entry of Same [DE 20-1 at 79-80].

On September 24, 1996, Mr. Wallace filed a Petition for Writ of Habeas Corpus Relief [DE 20-1 at 82-90] in state court. The state trial court entered an Order Denying Defendant's Petition for Writ of Habeas Corpus [DE 20-1 at 93-94] on December 12, 1996, and the denial was affirmed on March 4, 1998, see Florida District Court of Appeals Decision Filed March 4, 1998 [DE 20-1 at 95]; Wallace v. State, 711 So. 2d 557 (Fla. Dist. Ct. App. 1998). The Florida Supreme Court denied discretionary review on July 6, 1998. See Supreme Court of Florida Decision Filed July 6, 1998 [DE 20-1 at 97]; Wallace v. State, 718 So. 2d 173 (Fla. 1998).

While Supreme Court of Florida review was pending, Mr. Wallace filed his first § 2254 Petition for Writ of Habeas Corpus [DE 20-1 at 99-104] in this Court on May 12, 1998.  See Wallace v. Germany, Case No. 98-CV-06516 (S.D. Fla. filed on May 12, 1998).  However, after the respondent filed a response indicating that Mr. Wallace had failed to exhaust his state court remedies, Mr. Wallace filed a motion noting his agreement with respondent and requesting dismissal without prejudice so that he could return to state court to exhaust his state remedies.  See Wallace v. Germany, Case No. 98-CV-06516, at DE's 8, 9.  The Magistrate Judge issued a Report recommending dismissal without prejudice except as to the application of the federal statute of limitations or other procedural bars.  See Report and Recommendations [DE 20-1 at 125-126]; Wallace v. Germany, Case No. 98-CV-06516, at DE 10.  The Report informed Mr. Wallace of the AEDPA's one-year statute of limitations and explicitly instructed that Mr. Wallace should say so "promptly in objections to this report" if he did not wish to dismiss the case due to statute of limitations, id., but Mr. Wallace filed no objections.  As such, on September 9, 1998, the Court entered a Final Order of Dismissal, adopting the Report and dismissing the action without prejudice except as to the application of the federal statute of limitations or other procedural bars.  See Final Order of Dismissal [DE 20-1 at 128-129]; Wallace v. Germany, Case No. 98-CV-06516, at DE 11.

Thereafter, on November 16, 1998, Mr. Wallace filed a Petition for Writ of Habeas Corpus [DE 20-1 at 131-145] in state appellate court.  That petition was denied on March 10, 1999.  See Fourth District Court of Appeal Decision Filed on March 10, 1999 [DE 20-1 at 146].

Then, on September 4, 1999, Mr. Wallace returned to state trial court to file a second Rule 3.850 Motion for Post-Conviction Relief [DE 20-1 at 148-160].  The state court entered an Order Denying Defendant's Motion for Post-Conviction Relief [DE 20-1 at 164] on November 1, 1999, and the denial was affirmed on September 4, 2002, Wallace v. State, 826 So. 2d 315 (Fla. Dist. Ct. App. 2002).  The mandate issued on September 20, 2002, and rehearing was denied on October 29, 2002.

Meanwhile, Mr. Wallace filed another Rule 3.850 Motion for Post-Conviction Relief in state trial court on May 8, 2002.  See Criminal Docket [DE 20-1 at 169-183].  The state trial court denied the motion on April 16, 2003, id., and Mr. Wallace's appeal therefrom was dismissed as untimely on September 2, 2003, id.

Between 2004 and 2011, Mr. Wallace continued to seek various post-conviction relief and to file petitions for writs of habeas corpus in state trial court and state appellate court.  See id.  Ultimately, after almost one additional month of untolled time passed after his state court proceedings were concluded, Mr. Wallace returned to this Court to file the instant § 2254 Petition on November 1, 2011.  See Petition [DE 1].

On June 19, 2012, Judge White issued his Report recommending that Mr. Wallace's Petition be denied as untimely.  On July 6, 2012, Mr. Wallace filed his Objections to the Report.  Then, on July 12, 2012, Mr. Wallace filed a Motion for Discovery Hearing relating to two case numbers referenced in the Report.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996.  Pursuant to the AEDPA, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

4

of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitations period applies even to cases which became final before the AEDPA was enacted. Wilcox v. Fla. Dep't of Corr., 158 F.2d 1209, 1211 (11th Cir. 1998) (extending Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998), to apply to § 2254 petitions). In those cases, the limitations period expired on April 23, 1997, one year after the AEDPA's effective date. Id.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Additionally, the AEDPA's one-year limitations period is subject to equitable tolling, Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), but equitable tolling is available only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

### A. The Limitations Period

Here, Mr. Wallace's sentence became final on October 27, 1995, before the AEDPA was enacted. Therefore, absent any tolling, he had until April 23, 1997, to file his § 2254 Petition. Mr. Wallace did not file his Petition until November 1, 2011, over fifteen and a half years after the AEDPA's enactment. Thus, unless the Court finds that the statute of limitations was tolled either by a properly filed application for State post-conviction or other collateral review or by equitable tolling, Mr. Wallace's time to file a § 2254 petition has long expired.

When the AEDPA was enacted, Mr. Wallace's first Rule 3.850 Motion for Post-Conviction Relief was pending in state court. On May 17, 1996, the state court entered

5

an order vacating its previous order and denying the motion for post-conviction relief. Therefore, the one-year limitation period began to run on May 17, 1996.

The limitations period ran for 130 days before Mr. Wallace filed his first petition for writ of habeas corpus in state court on September 24, 1996. That motion's tolling effect ended on July 6, 1998, when the Florida Supreme Court denied discretionary review. The limitations clock then ran for another 133 days before Mr. Wallace filed his second petition for writ of habeas corpus in state court on November 16, 1998. That motion's tolling effect ended on March 10, 1999, when the Florida District Court of Appeal denied the petition.[1] The limitations clock then ran an additional 178 days until Mr. Wallace filed his second Rule 3.850 Motion for Post-Conviction Relief on September 4, 1999. By then, 441 days had passed, and the limitations period for Mr. Wallace to file a federal habeas petition had long expired. Any state petitions filed thereafter could not toll the period because there was no time left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1258-90 (11th Cir. 2000), cert. denied 531 U.S. 991 (2000). Therefore, the undersigned agrees with Judge White's conclusion that Mr. Wallace's Petition is untimely under the AEDPA.

---

[1] Although Mr. Wallace's first § 2254 petition was pending in this Court from May 12, 1998 through September 9, 1998, when the petition was dismissed so that Mr. Wallace could return to state court to exhaust his state court remedies, that petition did not toll the limitations period. As the Supreme Court explained in Duncan v. Walker, 533 U.S. 167 (2001), "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore d[oes] not toll the limitation period during the pendency of [a] first federal habeas petition." Id. at 181-82 (finding first federal habeas petition, which was dismissed without prejudice for petitioner's failure to exhaust state court remedies, did not toll the limitations period).

## B. Mr. Wallace's Objections and Motion for Discovery Hearing

In response to Judge White's Report, Mr. Wallace filed both a Motion for Discovery Hearing and Objections, disputing certain facts and conclusions in the Report. For the reasons discussed below, the Court will deny Mr. Wallace's Motion for Discovery Hearing, overrule his Objections, and deny the Petition as untimely filed.

First, in his Motion for Discovery Hearing, Mr. Wallace requests a hearing to determine the accuracy of two case numbers referenced in Judge White's Report: Case Numbers 69-00153 and 98-6316. Mr. Wallace notes these inaccuracies in his Objections as well. See Obj. at 10. Mr. Wallace is correct that the case numbers in the Report are inaccurate. The correct case number for Mr. Wallace's state court criminal case is 92-23065CF. See, e.g., Indictment [DE 20-1 at 5-6] (listing case no. 92-23065CF); Verdict [DE 20-1 at 8-9] (same); Obj. at 15 (same). The correct case number for Mr. Wallace's first § 2254 petition filed in this Court is 98-CV-06516. See First § 2254 Petition for Writ of Habeas Corpus [DE 20-1 at 99-104]; Wallace v. Germany, Case No. 98-CV-06516 (S.D. Fla. filed on May 12, 1998). Because the Court makes these determinations based on the record evidence, there is no need for a hearing on the matter, and the Motion for Discovery Hearing will be denied. Also, to the extent that Mr. Wallace suggests the inaccurate case numbers constituted fraud, see Obj. at 11, Mot. for Disc. Hearing at 3, the Court disagrees. Although the numbers were incorrect, there was no fraud here. Further, Mr. Wallace has not been prejudiced by the inaccurate case numbers, as he was already aware of the correct case numbers, as evidenced by the record submissions and Mr. Wallace's representations in his Objections. See Respondent's Exhibits [DE 20-1] (filed April 19, 2012, including correct

7

case numbers); see also Obj. at 10 (mentioning case no. 98-CV-06516);Obj. at 15 (court status sheet from case no. 92-23065CF).  Therefore, any objection relating to the inaccurate case numbers or fraud relating to those inaccuracies is overruled.

Second, in his Objections, Mr. Wallace disputes Judge White's application of the AEDPA's one-year statute of limitations.  Obj. at 2-4.  Mr. Wallace argues that the AEDPA does not govern his Petition because he was convicted in 1994, before the AEDPA was enacted, and the AEDPA is not retroactive.  As explained above, Mr. Wallace's conviction and sentence became final on October 27, 1995, before the AEDPA was enacted, and for cases that became final before the enactment of the AEDPA, the limitations period expired on April 23, 1997, one year after the AEDPA's effective date.  See Wilcox, 158 F.2d at 1211.  Therefore, the Court finds that the AEDPA does apply to Mr. Wallace's Petition, and this objection will be overruled.

Third, Mr. Wallace disputes Judge White's calculation of untolled time.  He notes that he "has been pursu[ing] collateral relief in the state court," Obj. at 5, he "had to wait four years in order to receive transcripts from a 2004 commission hearing," id., and he "could not file any[thing] into the court in 2004 [b]ecause he was in the county jail from February 2004 [until] December 2004," id.  However, any motions filed in or after 2004 could not have had any tolling effect on the limitations period because the period had already run.  See, e.g., Tinker, 255 F.3d at 1332 (holding that petition filed after limitations period expired could not toll period because there was no period remaining to be tolled); Webster, 199 F.3d at 1258-90 (holding that even properly filed petitions must be pending to toll the limitations period).  Mr. Wallace also disputes Judge White's finding that the limitations period ran unchecked for over three months from June 17,

1996 to September 24, 1996, see Report at 3, because Mr. Wallace says he filed a petition in this Court on May 12, 1996. See Obj. at 6. However, the record shows that Mr. Wallace's first § 2254 petition was filed in this Court on May 12, 1998, not May 12, 1996. See Wallace v. Germany, Case No. 98-CV-06516.[2] Regardless, as explained above, a federal habeas petition does not toll the limitations period under the AEDPA. See Duncan, 533 U.S. at 181-82. Finally, to the extent that Mr. Wallace argues that equitable tolling was available to him, the Court disagrees. Mr. Wallace has not pointed to any extraordinary circumstance that stood in his way and prevented timely filing during the fifteen and a half years between the AEDPA's enactment and the day he ultimately filed the instant Petition. See Pace, 544 U.S. at 418 (equitable tolling is only available if petitioner pursued his rights diligently and some extraordinary circumstance prevented him from timely filing). As Judge White notes, "This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from the one-year limitations period, because [Mr. Wallace] has failed to assert any credible basis for equitable tolling of the limitations period." Report. at 14. "While [Mr. Wallace] may have subjectively believed that he could not properly file a § 2254 motion earlier or that the limitation period did not expire until later, his unfamiliarity with the legal process or ignorance of the law, as he may be asserting, cannot support equitable tolling." Id. at 15. Therefore, even considering the time during which the limitations period was tolled, the time for filing a federal habeas petition expired long before Mr. Wallace filed the

---

[2] As noted above, Judge White's Report mistakenly refers to this case as number 98-6316. See Report at 3 n.5. The correct case number, as Mr. Wallace points out, is 98-CV-06516. See Obj. at 10.

9

instant Petition. As such, this objection will be overruled.

Fourth, to the extent that Mr. Wallace suggests in his Objections that DNA testing could have established his actual innocence, this argument fails. As Judge White noted, actual innocence is "a gateway through which a habeas petitioner [may] have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995) (citation omitted). However, to succeed, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup, 513 U.S. at 327). As Judge White explained in his Report, Mr. Wallace fails to make this showing here. To the extent that he relies on the issue of DNA testing, Judge White noted, "the issue of the lack of fingerprint and other DNA evidence linking petitioner to the murder was fully explored before the jury at trial. Moreover, given the testimony of the numerous state witnesses, the jury convicted petitioner, despite being aware that no DNA evidence conclusively linked petitioner to the victim." Report at 13. Therefore, this objection will be overruled.

Fifth, Mr. Wallace proceeds to argue the merits of his Petition and lists the grounds under which he seeks relief and which Respondent did not address in its response. However, because the Court agrees with Judge White that the Petition is untimely under the AEDPA, the undersigned does not reach the merits of the Petition. Therefore, this objection will be overruled.

Sixth, Mr. Wallace renews his request for an evidentiary hearing. Because the Court does not find that a hearing would assist in the resolution of this case, and

because this Petition can be resolved by reference to the record, the request for an evidentiary hearing will be denied.  See Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### C. Certificate of Appealability

Finally, Judge White recommends denying a certificate of appealability because Mr. Wallace has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2243(c)(2).  Mr. Wallace has not shown that reasonable jurists would find debatable both the merits of his underlying claims and the procedural issues he seeks to raise.  See Slack v. McDaniel, 529 U.S. 472, 478 (2000).  Mr. Wallace has not objected to this recommendation, and the undersigned agrees with Judge White that Mr. Wallace has not made the requisite showing.  Therefore, the Court will deny Mr. Wallace a certificate of appealability.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Petitioner William Wallace's Objections [DE 25] are **OVERRULED**;

2. The Motion for Discovery Hearing [DE 26] is **DENIED**;

3. Except for the corrected facts noted above, the Report of United States Magistrate Judge Patrick A. White [DE 24] is **ADOPTED**;

4. Mr. Wallace's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED with prejudice** as untimely filed;

5. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealabilty, however,

    pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit;

6. Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

  **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of July, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* party via CM/ECF regular mail